DEPEYSTER & WHITMARSH *vs.* THE SUN MUTUAL INSU-
RANCE COMPANY.

Upon an insurance on articles included within the usual memorandum in a
policy, an actual destruction *in specie* of all the articles so insured must
occur, in order to entitle the insured to recover for a total loss.

Where the insurance was upon *hides*, and the greater part of them were
destroyed by putrifaction, in consequence of being damaged by sea-water,
but a portion remained in specie, and were sold in a port of necessity, as
damaged hides; *held*, that the insured could not recover for a total loss.
MITCHELL, J., dissented.

THIS was an action upon a policy of insurance, in which the
plaintiffs claimed to recover, as for a total loss, the value of
certain hides, insured on a voyage from Santa Martha, on the
Spanish Main, to New-York. On the trial it was proved that
a portion of the hides were so damaged that they had to be
thrown overboard, and the remainder, being in a putrifying
condition, were sold at Havana as damaged hides; it being
thought impossible to carry them to the end of the voyage,
though a small portion of them were afterwards dried and carried
to Boston. It was urged, on the part of the defense, that as
the hides were a memorandum article, unless there was an
actual total loss of all the cargo, there could be no recovery for
a total loss. The judge charged the jury "that other causes
than those limited by the defendants' counsel might entitle the
plaintiffs to recover; as, for instance, if the hides were in such
a condition that no prudent man would have taken them to New-
York, after the damage they had received before their arrival
at Havana, and if the damage was caused by the sea-water."
To this charge the defendants' counsel excepted. The jury
found for the plaintiffs, for a total loss, and the defendants
appealed from the judgment.

*H. Ketchum* and *Ogden Hoffman*, for the appellants.

*Geo. Bowman* and *F. B. Cutting*, for the respondents.

Depeyster *v.* The Sun Mutual Insurance Co.

EDMONDS, P. J.   In regard to the plaintiffs' right to recover as for a total loss, the defendants claimed that the property insured, being memorandum articles, there could be no total loss, because a portion of it remained in specie and was of some value after the disaster.   The judge refused so to rule, but on the contrary charged that other causes than those might entitle the plaintiffs to recover, as, for instance, if the hides were in such a condition that no prudent man would have taken them to New-York after the damage they had received.

Under this charge the jury were at liberty to find as they did, as for a total loss, if the goods were so damaged that no prudent man would have taken them to New-York, even if they did all of them yet exist, though in a damaged state.   The rule and the verdict thereon would be all right as to property not included in the memorandum, where a constructive total loss is allowable.   But they are wrong as to memorandum articles; for there a recovery for total loss is allowed only when the property has actually been lost *in toto.*   A constructive total loss may be where the goods are damaged more than half their value, and the insured abandons to the insurer the remainder in their damaged state.   But the memorandum has been construed to mean a different loss from that, and to signify the intention of the parties not to compensate for damage, but only for an absolute destruction.   In *Le Roy* v. *Gouverneur,* (1 *John. Cas.* 226,) and *Maggrath* v. *Church,* (1 *Caines,* 210,) this court had this matter under consideration, and decided that to make the insurer liable there must be an actual destruction of the articles specified in the memorandum, and not merely such a technical loss of the article as would authorize an abandonment. This rule was sustained in our court of errors in *Wadsworth* v. *Pacific Ins. Co.* (4 *Wend.* 33,) and by this court in *Neilson* v. *Columbian Ins. Co.* (3 *Caines,* 108,) and *Saltus* v. *Ocean Ins. Co.* (14 *John.* 145.)   In the case in 3 *Caines,* the corn insured was so damaged and offensive that it was forbidden to be landed, and was sold as it lay on board, for $400.   On the trial the judge charged that if the corn was of no value as *nutriment* to man, it made the loss total; but if the vessel could have been

repaired and reached her destination, the loss would have been a general average only. This court held the charge wrong, and they said, so long as the corn physically existed there could not be a total loss. Though good for nothing, the assured were not liable, being protected by the clause in the memorandum. This seems to be now the well established rule in this country. In the case in 4 *Wendell* it was established by our court of last resort, where the difference between it and the English rule was considered and the American rule adopted. So also it has been adopted in the United States courts, (*Brays* v. *Chesapeake Ins. Co.,* 7 *Cranch,* 417; *Moreau* v. *United States Ins. Co.,* 1 *Wheat.* 219,) and has been reiterated in this court as late as 1841, in *Bryan* v. *New-York Ins. Co.,* (25 *Wend,* 617.) There the article insured was corn, damaged by the stranding of the ship, and a few barrels of it only recovered, and the court say that a total loss is only when the article is specifically and physically destroyed.

The English rule is otherwise, and it is that which has been referred to by the plaintiffs' counsel in *Roux* v. *Salvador,* (3 *Bing. N. C.* 266.) There it was held, the insurance being on hides as memorandum articles, that a portion of them being entirely destroyed, it was competent to recover as for a total loss, *pro tanto.* The contrary of that, however, has been held in this country, in the cases already cited in this court and in the United States supreme court. *Dyson* v. *Rowcroft,* (3 *B. & P.* 475,) and *Burnet* v. *Kensington,* (7 *T. R.* 222,) are referred to in the American cases as laying down the opposite rule, and from which our courts express their dissent.

In the case now under consideration, a portion of the memorandum articles were not destroyed; they were damaged merely, and were sold in a damaged state for over $1400. That was, it is true, but a small portion of the property insured; and if it had not been included in the memorandum, an abandonment and a claim for a total loss would have been justified. But being in the memorandum and not being all destroyed, but some of it damaged merely, it is not such a destruction of it as to cause a total loss.

The instructions to the jury were therefore wrong; for they permitted the jury to find the full amount claimed, when the loss was merely a technical and not an actual total loss; in other words, allowed the plaintiffs to recover the same as if the memorandum had had no existence whatever.

There must therefore be a new trial, with costs to abide the event.

EDWARDS, J., concurred.

MITCHELL, J., dissented.

[NEW-YORK GENERAL TERM, December 5, 1853. *Edmonds, Edwards* and *Mitchell*, Justices.]